UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LINDA HOOVER, ANDRE HOOVER,                          Case No. 15 CV 5838
LAWANDA HOOVER, E.H., an infant                      (MKB) (RER)
under the age of 18 years, by his
mother and natural guardian, LAWANDA                 **AMENDED COMPLAINT**
HOOVER, R.H., an infant under the age
of 18 years, by his father and natural               JURY DEMAND
guardian, RYSHAWN HOOVER and
EDDIE HOLLEY,
                        Plaintiffs,


        -against-


THE CITY OF NEW YORK, DETECTIVE
MATTHEW L. MASSA [SHIELD # 2058],
SERGEANT MICHAEL WEBER [TAX
REG. # 929343], P.O. AJUBA GRANVILLE
[TAX REG. # 930261], DETECTIVE
ARMANDO SAITTA [SHIELD # 4064],
SERGEANT RYAN GILLIS [TAX REG.
# 944595], CAPTAIN ESPINOZA [TAX
REG. # 925246], P.O. MCCARTHY,
DETECTIVE PERCY, DETECTIVE
MOLINARO, DETECTIVE CRUZ,
DETECTIVE PARAY, DETECTIVE
GRANDSTAFF, DETECTIVE CAMPBELL,
DETECTIVE COLLADO, DETECTIVE
HOLLEY, P.O. TOPPING, SERGEANT
MORRISEY, DETECTIVE LOPEZ and JOHN
DOE AND JANE DOE #1-14 (the names John
and Jane Doe being fictitious, as the true names
are presently unknown),
                        Defendants.
-------------------------------------------------------------X


Plaintiffs LINDA HOOVER, ANDRE HOOVER, LAWANDA HOOVER, E.H., R.H.,

and EDDIE HOLLEY, by their attorney, The Law Offices of UGO UZOH, P.C.,

complaining of the defendants herein, The City of New York, Detective Matthew L.

Massa [Shield # 2058], Sergeant Michael Weber [Tax Reg. # 929343], P.O. Ajuba

Granville [Tax Reg. # 930261], Detective Armando Saitta [Shield # 4064], Sergeant

Ryan Gillis [Tax Reg. # 944595], Captain Espinoza [Tax Reg. # 925246], P.O.

McCarthy, Detective Percy, Detective Molinaro, Detective Cruz, Detective Paray, Detective Grandstaff, Detective Campbell, Detective Collado, Detective Holley, P.O. Topping, Sergeant Morrisey, Detective Lopez and John Doe and Jane Doe #1-14 (collectively, "defendants"), respectfully allege as follows:

1.       This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

JURISDICTION

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.       As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

THE PARTIES

4.       Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.       Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.       The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.       Defendant Detective Matthew L. Massa [Shield # 2058] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant Sergeant Michael Weber [Tax Reg. # 929343] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant P.O. Ajuba Granville [Tax Reg. # 930261] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendant Detective Armando Saitta [Shield # 4064] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Sergeant Ryan Gillis [Tax Reg. # 944595] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Captain Espinoza [Tax Reg. # 925246] was at all times material herein a captain employed by the NYPD. S/he is named here in his/her official and individual capacities.

13.     Defendant P.O. McCarthy was at all times material herein a police officer employed by the NYPD. S/he is named here in his/her official and individual capacities.

14.     Defendant Detective Percy was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

15.     Defendant Detective Molinaro was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

16.     Defendant Detective Cruz was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

17.     Defendant Detective Paray was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

18.     Defendant Detective Grandstaff was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

19.     Defendant Detective Campbell was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

20.     Defendant Detective Collado was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

21.     Defendant Detective Holley was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

22.     Defendant P.O. Topping was at all times material herein a police officer employed by the NYPD. S/he is named here in his/her official and individual capacities.

23.     Defendant Sergeant Morrisey was at all times material herein a sergeant employed by the NYPD. S/he is named here in his/her official and individual capacities.

24.     Defendant Detective Lopez was at all times material herein a detective employed by the NYPD. S/he is named here in his/her official and individual capacities.

25.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

26.     Defendants Massa, Weber, Granville and John Doe and Jane Doe are collectively referred to herein as "Massa defendants".

27.     Defendants Saitta, Gillis, Espinoza, McCarthy, Percy, Molinaro, Cruz, Paray, Grandstaff, Campbell, Collado, Holley, Topping, Morrisey, Lopez and John Doe and Jane Doe are collectively referred to herein as "Saitta defendants".

28.     Massa and Saitta defendants are collectively referred to herein as "defendant officers".

29.     At all times material to this Complaint, the defendant officers acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The May 9, 2014, Incident

30.     On or about May 9, 2014, at approximately 6:00 a.m., Massa defendants, acting in concert, arrested plaintiff R.H. without cause at the plaintiffs' home which is located at 505 Gates Avenue, Brooklyn, New York, and charged him with PL 221.05 'Unlawful possession of marihuana' and AC 10-131(i)(3) 'Possession of Pistol Ammunition'.

31.     R.H., however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

32.     Prior to the May 9, 2014 arrest, Massa defendants forced their way into the plaintiffs' home and arrested each and every individual that was at the premises.

33.     R.H. was tightly handcuffed by Massa defendants with his hands placed behind his back.

34.     R.H. was then immediately removed from the premises and was placed inside a police vehicle.

35.     Massa defendants did not search R.H, and did not search the plaintiffs' home, prior to removing R.H. from the premises.

36.     Massa defendants did not recover any contraband from R.H. at any time.

37.     Eventually, R.H. was transported to the NYPD-79th Precinct where he was further detained.

38.     After detaining R.H. for a lengthy period of time at the precinct, Massa defendants transported R.H. to the Central Booking to await arraignment.

39.     While R.H. was awaiting arraignment, Massa defendants met with prosecutors employed by the Kings County District Attorney's Office.

40.     During this meeting, Massa defendants falsely stated to the prosecutors, among other things, that R.H. was in possession of drugs and/or other contraband.

41.     Based on the false testimony of Massa defendants, a prosecution was commenced against R.H.

42.     Upon arraignment, R.H. was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him by Massa defendants.

43.     On or about July 14, 2014, R.H. was informed that the false charges were adjourned in contemplation of dismissal.

44.     Eventually, on or about June 16, 2015, the false charges levied against R.H. were dismissed and sealed.


The July 14, 2015, Incident

45.     On or about July 14, 2015, at approximately 6:00 a.m., Saitta defendants, acting in concert, arrested the plaintiffs without cause at the plaintiffs' aforesaid home, and subsequently charged plaintiff with PL 221.05 'Unlawful possession of marihuana'.

46.     Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

47.     Prior to the July 14, 2015 arrest, Saitta defendants forced their way into the plaintiffs' home and arrested everyone on the premises.

48.     Plaintiffs were tightly handcuffed by Saitta defendants with their hands placed behind their backs.

49.     Plaintiffs were then immediately removed from the premises and were placed inside a police vehicle.

50.     Saitta defendants did not search either the plaintiffs or the plaintiffs' home prior to removing the plaintiffs from the premises.

51.     Saitta defendants did not recover any contraband from the plaintiffs at any time.

52.     Eventually, plaintiffs were transported to the NYPD-81st Precinct where they were further detained.

53.     After detaining the plaintiffs for a lengthy period of time at the precinct, Saitta defendants released the plaintiffs from their unlawful detention.

54.     Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

55.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

56.     As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

57.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58.     The conduct of defendant officers, as described herein, amounted to false arrest.

59.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

60.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers</u>

61.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

63.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

64.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers</u>

65.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

67.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

68.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

69.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

70.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

72.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

73.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against Massa defendants

74.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     Massa defendants manufactured evidence of criminality against R.H. which the prosecutors relied upon to initiate criminal actions against said plaintiff.

76.     The conduct of Massa defendants, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

77.     Such conduct described herein violated R.H.'s rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

78.     Consequently, R.H. has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of Massa defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL ENTRY AND UNLAWFUL STOP AND
FRISK - against defendant officers

79.     By this reference, plaintiffs incorporate each and every allegation and
        averment set forth in paragraphs 1 through 78 of this complaint as though
        fully set forth herein.

80.     The conduct of defendant officers, as described herein, amounted to unlawful
        entry and unlawful stop and frisk.

81.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. §
        1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United
        States Constitution.

82.     Consequently, plaintiffs have been damaged and hereby demand
        compensatory and punitive damages in an amount to be proven at trial
        against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: DISCRIMINATION, DENIAL OF EQUAL
PROTECTION OF THE LAWS AND DENIAL OF DUE PROCESS RIGHTS - against
defendant officers

83.     By this reference, plaintiffs incorporate each and every allegation and
        averment set forth in paragraphs 1 through 82 of this complaint as though
        fully set forth herein.

84.     The conduct of defendant officers, as described herein, amounted to
        discrimination, denial of equal protection of the laws and denial of due
        process rights.

85.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. §
        1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United
        States Constitution.

86.     Consequently, plaintiffs have been damaged and hereby demand
        compensatory and punitive damages in an amount to be proven at trial
        against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

87.     By this reference, plaintiffs incorporate each and every allegation and
        averment set forth in paragraphs 1 through 86 of this complaint as though
        fully set forth herein.

88.     In an effort to find fault to use against the plaintiffs, defendant officers met with several other individuals and agreed to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

89.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

90.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

91.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

93.     Additionally, defendant City of New York, acting through Kenneth P. Thompson and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the

credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

94.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

95.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

96.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

97.     In *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

98.     Additionally, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

99.     Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That

Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

100.     In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics and/or illegal drugs. According to Detective Anderson, this practice "was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

101.     Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

102.     Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

103.     Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

104.     Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was

convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

105.     Recently, the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions. Judge Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed."

106.     Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v. Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that [any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure."

107.     In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but not limited to falsifying police reports, perjury, corruption, robbery, gun running, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein.

14

108.    In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-79th and NYPD-81st Precincts -- as defendant officers -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

109.    Most of the arrests and charges made by officers assigned to NYPD-79th and NYPD-81st Precincts are usually voided and/or dismissed by prosecutors for lack of evidence.

110.    Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-79th and NYPD-81st Precincts concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Anthony Gibson v. City of New York* (14 CV 282); *Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Diane Dawson v. City of New York* (10 CV 5768); *Khadija Shepherd v. City of New York* (10 CV 885); *Adrean Coombs v. City of New York* (08 CV 3447); *Nicholls Olwyn v. City of New York* (08 CV 2098).

111.    Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

112.    The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

113.    By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and

usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

114.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 113 of this complaint as though fully set forth herein.

115.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

116.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

117.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

118.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS - against defendants

119.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 118 of this complaint as though fully set forth herein.

120.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, unreasonable search and seizure, unreasonable detention, assault and battery, negligence, breach of special duty or relationship, defamation, tortuous interference, fraud, trespass, malicious prosecution, negligent and intentional infliction of emotional distress and negligent hiring and retention of employment services.

121.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
        April 11, 2016

UGO UZOH, P.C.

/s/

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiffs
       304 Livingston Street, Suite 2R
       Brooklyn, N.Y. 11217
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com